UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ALBERT O'NEAL, JR.** | **CIVIL ACTION NO. 21-0555** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **JOHN CAMP, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Albert O'Neal, Jr., a prisoner at Richland Parish Detention Center proceeding pro se, filed this proceeding on approximately March 3, 2021, under 42 U.S.C. § 1983. He names the following defendants: Lieutenant John Camp, Assistant Warden Frank Dear, Kilee Miller, Sergeant Trey Boone, Officer Sherman Watkins, and Warden Patricia Miller.[1]

For reasons that follow, the Court should retain Plaintiff's claims against Lieutenant Camp, Officer Sherman Watkins, and Sergeant Trey Boone.[2] The Court should dismiss Plaintiff's remaining claims, including his request for acquittal and release from confinement.

### Background

Plaintiff alleges that another inmate, Dennis Lewis, obtained his PIN code—which is his social security number—that Plaintiff uses to access a kiosk machine and the telephone by "peeping" over Plaintiff's shoulder when he input the code. [doc. # 1, p. 2]. He maintains that other inmates can see his code when he uses it because the kiosk and telephone lack privacy

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] The undersigned directed the Clerk of Court, in a separate Memorandum Order, to serve Plaintiff with summons forms for the these claims.

barriers. *Id.* at 3. Plaintiff claims that he asked Assistant Warden Frank Dear, Kilee Miller, and Warden Miller to change his code, but they did not. *Id.*

On January 15, 2021, Plaintiff caught Dennis Lewis "logged in to [Plaintiff's] messages." *Id.* Then, Lewis attacked Plaintiff, knocking him unconscious and severely beating him. *Id.* Plaintiff was rushed to a hospital in Shreveport, Louisiana, where a physician performed surgery and repaired Plaintiff's shattered cheekbone with a plate and ten screws. *Id.*

Plaintiff claims that when he returned from the hospital on January 17, 2021, he knocked on his cell door and requested a nurse to evaluate his pain. [doc. #s 1, p. 4; 5, p. 3]. Lieutenant Camp "opened the cell door in a rage and began choking [Plaintiff] until [Plaintiff] lost consciousness." [doc. # 9, p. 5]. Camp placed his hands around Plaintiff's throat, lifting Plaintiff's "feet off the floor" and causing Plaintiff to "lose consciousness for a few seconds." [doc. #s 5, p. 3; 9, p. 2]. Plaintiff did not provoke Camp. *Id.* Camp later apologized. [doc. # 9, p. 2].

Plaintiff claims that Sergeant Trey Boone and Officer Sherman Watkins failed to protect him from Camp's use of force. *Id.* at 3. He alleges that Boone witnessed Camp choking him but "failed to both prevent and later stop [Camp]." *Id.* He alleges that he "called out to [Watkins] for help during the attack[,]" but Watkins failed to prevent or stop Camp from choking him. *Id.*

Officials then returned Plaintiff to the same dormitory where Lewis beat him. [doc. # 1, p. 3]. Plaintiff maintains that his life is in danger. *Id.*

Plaintiff faults Assistant Warden Frank Dear, Kilee Miller, and Warden Patricia Miller for both attacks, claiming that the incidents "may have been avoided" if Dear, Miller, and Warden Miller were not negligent in failing to change his code. [doc. # 9, pp. 2-5].

Plaintiff asks the Court to (1) acquit him of his pending charges and order his release

2

from confinement and (2) to award $1,000,000.00 for his pain and suffering. *Id.* at 5.

## Law and Analysis

**1. Preliminary Screening**

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

somewhere in between. *Id*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*. A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638

(5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Habeas Corpus**

Plaintiff seeks acquittal and release from incarceration. Although Plaintiff filed this action under 42 U.S.C. § 1983, he challenges the very fact and duration of his physical imprisonment. Plaintiff should, *after he exhausts his state court remedies*, pursue his request for immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241). Accordingly, the Court should deny Plaintiff's request for acquittal and release.

The undersigned again cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court. *See Preiser*, 411 U.S. at 477 (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").[4] Plaintiff is further cautioned that the Court may abstain, under

---

[4] *See also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that

*Younger v. Harris*, 401 U.S. 37 (1971), or *Dickerson*, 816 F.2d at 225, if Plaintiff asks the Court to interfere with his ongoing criminal prosecution.[5] *See Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

**3. Negligence**

Plaintiff claims that Assistant Warden Frank Dear, Kilee Miller, and Warden Patricia Miller were negligent in failing to change his code and that as a result Dennis Lewis attacked him and Lieutenant Camp battered him. [doc. # 9, pp. 2-4]. Plaintiff adds, "Both incidents may have been avoided if my password was changed." *Id.* at 5.

> To prevail under a negligence claim, the plaintiff must prove five elements:
>
> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element);
>
> (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element);
>
> (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element);
>
> (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and
>
> (5) actual damages (the damages element)[.]

---

jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

[5] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted). Under *Dickerson*, "federal courts should abstain . . . if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

*Harris v. Boh Bros. Constr. Co., LLC*, 2021 WL 2134754, at *11 (La. Ct. App. May 26, 2021).

Here, to the extent Plaintiff argues that Defendants Dear, Kilee Miller, and Warden Miller were negligent in failing to protect him from harm, he fails to plausibly allege that they breached a duty. "[P]enal authorities have a duty to use reasonable care in preventing harm after they have reasonable cause to anticipate it." *State ex rel. Jackson v. Phelps*, 672 So. 2d 665, 667 (La. 1996). Plaintiff, however, does not plausibly allege that defendants had any reasonable cause to anticipate either Dennis Lewis or Lieutenant Camp attacking him. He does not allege that defendants knew or should have known that Lewis or Camp might attack him. *See id.* (finding that a plaintiff failed to prove that the State breached its duty to him because penal authorities had no reasonable cause to anticipate harm to plaintiff).

To the extent Plaintiff argues that defendants breached a duty to prevent other inmates from obtaining or using his code to the kiosk and telephone, he fails to plausibly allege that defendants' alleged conduct was a cause-in-fact of his injuries. "In determining causation, courts look to 'whether the conduct was a substantial factor leading to the accident, *i.e.*, whether it had a direct relationship to the accident . . . .'" *Id.* (quoting *Miller v. Fields*, 570 So. 2d 39, 42 (La. App. 4th Cir. 1990)). Courts consider "whether, more probably than not, the conduct complained of was a necessary ingredient of the accident." *Miller*, 570 So. 2d at 42.

Here, Plaintiff does not plausibly allege that Lewis attacked him *because* Lewis obtained his code and accessed his messages. In other words, there is no allegation that had Defendants changed Plaintiff's code/password, Lewis would not have attacked. Plaintiff simply alleges that he witnessed Lewis "logged in to [his] messages[,]" and then Lewis attacked; Plaintiff alleges no causal connection between defendants' alleged acts/omissions and Lewis's subsequent attack. Even assuming Defendants owed a duty to maintain the confidentiality of Plaintiff's access code

and breached that duty, Plaintiff does not allege or suggest that Defendants' alleged failure to changes his code after Lewis obtained it was a substantial factor or "necessary ingredient" leading to the attack. Rather, he at best alleges that the incident "*may have* been avoided if [his] password was changed." [doc. # 9, p. 5 (emphasis added)].

Plaintiff likewise fails to allege that Camp attacked him because Defendants failed to maintain the confidentiality of his code. Plaintiff suggests that Camp choked him because he knocked on his cell door and requested medical assistance. Plaintiff makes no attempt to connect Defendants Dear, Kilee Miller, and Warden Miller's alleged negligent acts or omissions to Camp's actions. Rather, Plaintiff simply states that one event preceded the other. *See Polk v. Blanque*, 633 So. 2d 1382, 1387 (La. Ct. App.), *writ denied,* 637 So. 2d 484 (La. 1994) (highlighting the "'post hoc' logical fallacy" and stating that mere temporal relationship does not establish causation).

Further, and again to the extent Plaintiff argues that Defendants breached a duty to prevent other inmates from obtaining or using his code, he fails to plausibly allege that defendants' alleged conduct was a legal cause of his injuries. To explain:

> The legal cause or "scope of protection" inquiry assumes that a legal duty exists and questions whether the injury suffered by the plaintiff is one of the risks encompassed by the rule of law that imposed the duty. *Chaisson,* 05–1511 at p. 24, 947 So. 2d at 178. The extent of protection owed to a particular plaintiff is determined on a case-by-case basis to avoid making a defendant an insurer of all persons against all harms. *Todd v. State Through Dept. of Soc. Servs.,* 96–3090, p. 7 (La. 9/9/97), 699 So. 2d 35, 39. In determining the limitation to be placed on liability for a defendant's substandard conduct, the proper inquiry is often how easily the risk of injury to the plaintiff can be associated with the duty sought to be enforced. *Faucheaux v. Terrebonne Consol. Gov't,* 615 So. 2d 289, 294 (La. 1993). Thus, a risk may be found not within the scope of a duty where the circumstances of that injury to the plaintiff could not reasonably be foreseen or anticipated, because there was no ease of association between the risk of injury and the legal duty. *Lazard v. Foti,* 02–2888, p. 6 (La. 10/21/03), 859 So. 2d 656, 661.

8

*Chatman v. S. Univ. at New Orleans*, 197 So. 3d 366, 379 (La. Ct. App. 2016).

Here, even assuming Defendants had a duty to keep Plaintiff's access code confidential, the alleged attacks by Lewis and Camp were not risks encompassed by this duty. The ostensible duty, in other words, was to ensure that others do not obtain or view information protected by Plaintiff's code; the duty does not "easily" encompass protections from intentional criminal or tortious physical attacks by a third person. Absent allegations not pled here, the risk of either an attack by another inmate or the excessive use of force by a correctional officer is not 'easily associated' with a duty to ensure that an inmate's email and telephone access remains confidential.[6] Even taking Plaintiff's allegations as true and construing them both liberally and in his favor, defendants could not reasonably foresee or anticipate that a failure to change Plaintiff's access code would cause Lewis or Camp (or any inmate or officer) to attack Plaintiff. Accordingly, the Court should dismiss Plaintiff's negligence claims against Assistant Warden Frank Dear, Kilee Miller, and Warden Patricia Miller.

**4. Conclusory Claims**

In his initial pleading only, Plaintiff mentions cursorily that he believes Lewis was a convicted prisoner, and he suggests that officials should not have housed him with Lewis because Plaintiff is a pre-trial detainee. [doc. # 1, p. 4]. Also in his initial pleading only, which he filed on approximately March 3, 2021, Plaintiff claimed that after Lewis beat him, he was returned to the same dormitory where the attack occurred. [doc. # 1, p. 3]. Plaintiff did not mention this allegation in his first amended pleading filed on March 22, 2021, or in his second amended pleading filed on July 6, 2021. [doc. # 5].

---

[6] Plaintiff does not allege, for instance, that any failure by defendants to maintain the confidentiality of prisoners' access codes precipitated violence in the past or that he informed defendants that Lewis or Camp would attack him if he did not obtain a new code.

The Court should dismiss these claims because Plaintiff does not identify a responsible defendant. The undersigned specifically instructed Plaintiff to provide a separate description of what, exactly, each Defendant did to violate his rights. [doc. # 8, p. 2]. Plaintiff did not identify a defendant responsible for these claims, and he did not mention the claims again in either of his two amended pleadings. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant).[7]

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Albert O'Neal, Jr.'s request for acquittal and release from incarceration be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to pursue habeas corpus relief after he exhausts all available state court remedies.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Defendants Kilee Miller, Assistant Warden Frank Dear, and Warden Patricia Miller be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[7] *See also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("The court disregards bare assertions of collective responsibility, unsupported by concrete factual allegations."); *Jones v. Hosemann*, 812 F. App'x 235, 238–39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 16th day of July, 2021.

                                            Kayla Dye McClusky
                                            United States Magistrate Judge